**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **RONNIE TURNER,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-0079-Y |
| **NATHANIEL QUARTERMAN, Director,**[1] § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Ronnie Turner, TDCJ-CID #1336062, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and is currently incarcerated at the Bradshaw State Jail in Henderson, Texas.

Respondent Nathaniel Quarterman is the Director of TDCJ.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

C. FACTUAL AND PROCEDURAL HISTORY

On November 2, 2005, in cause number 0941085D, a jury found Turner guilty of aggravated robbery with a deadly weapon in Criminal District Court Number Three of Tarrant County, Texas, and the trial court assessed his punishment at forty-five years' confinement. (Petition at 2.)[2] Turner appealed the conviction to the Second District Court of Appeals, and the appeal remains pending at this time. (Resp't Answer, Exhibit A.) Turner also filed four state habeas applications for writ of habeas corpus attacking his conviction, which were dismissed on May 10, 2006, because his direct appeal was still pending. *Ex parte Turner*, Application Nos. WR-63,583-01, WR-63,583-03, WR-63,583-04 & WR-63,583-05. Turner filed this federal petition on January 15, 2006.

D. ISSUES

Turner raises four grounds challenging his conviction on substantive grounds. (Pet. at 7-8.)

E. RULE 5 STATEMENT

Quarterman has filed an answer seeking dismissal of Turner's petition without prejudice on exhaustion grounds. (Resp't Answer at 3-5.)

F. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

---

[2] The court takes judicial notice of the state court records filed in this action as well as Turner's previous federal habeas petition challenging the same conviction. *See Turner v. Dretke*, Civil Action No. 4:05-CV-0812-A. The previous action was dismissed without prejudice for failure to exhaust state remedies on March 20, 2006.

state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal

---

[3] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> .   .   .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Quarterman asserts that Turner's claims have not been properly exhausted in state court because the Texas Court of Criminal Appeals has not had the opportunity to rule on the merits of the claims. (Resp't Answer at 4-5.) Turner has not presented his claims in a petition for discretionary review in the Texas Court of Criminal Appeals and his state habeas applications were dismissed by that court because his direct appeal was still pending. The Texas Court of Criminal Appeals's dismissal was procedural, as opposed to substantive, and signifies that the state court did not consider the merits of Turner's claims. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002). Because the state court has not been afforded a fair opportunity to consider the merits of Turner's claims and render a decision, a ruling from the federal court at this juncture would be premature. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

Turner must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Turner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Turner can fully exhaust his state court remedies and then return to this court, if he so desires,

after exhaustion has been properly and fully accomplished.[4]

## II. RECOMMENDATION

Turner's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 2, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 2, 2006, to

---

[4] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 12, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE