IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONNIE TURNER, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:06-CV-079-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| T.D.C.J., Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Ronnie Turner under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 12, 2006; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 27, 2006.[1]

The Court, after de novo review, concludes that Turner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed for lack of exhaustion for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge should be, and are hereby, ADOPTED.

---

[1] Tuner's filing is labeled as a "response," and although Turner does not contest the magistrate judge's recommendation as to dismissal without prejudice, to the extent the document could be construed as an objection to the magistrate judge's recommendation that Turner will still be subject to any applicable limitations bar, the Court has done a de novo review.

Petitioner Ronnie Turner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[2]

SIGNED August 10, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2] A one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West Supp. 2006). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West Supp. 2006).

2